**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD**

**UNITED STATES OF AMERICA**

v.                                                   **CRIMINAL NO. 1:17-cr-00001**

**WILLIAM JACK ANDERSON**

## MEMORANDUM OPINION AND ORDER

In Bluefield, on June 20, 2019, came the defendant, William Jack Anderson, in person and by counsel, John C. Anderson; the United States by Timothy D. Boggess, Assistant United States Attorney; and the United States Probation Office by Brett Taylor, United States Probation Officer for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition filed on May 31, 2019, and later amended on June 13, 2019 to reflect defendant's criminal charge of obtaining goods under false pretense in violation of West Virginia Code, § 61-3-24(a)(1)(2)(3).

The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the

right to a hearing and assistance of counsel before his term of supervised release could be revoked.

The defendant did not challenge the allegations within the petition.  Thereafter, the court found the charges were established by a preponderance of the evidence.

Accordingly, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was 8 to 14 months, as to Counts One and Two.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a term of imprisonment of 36 months, as to Counts One and Two.  Neither party objected to the Guideline range and statutory penalty as determined by the court.  The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

The court provided counsel for both parties and defendant with an opportunity to speak regarding the appropriate sentence.

Counsel for the defendant moved the court for a downward variance.  Moreover, the defendant admitted responsibility for his actions.  For reasons placed on the record, this motion for

a variance was denied.  The government sought a sentence within the guideline range and also for the defendant to comply with state sentencing requirements.

Pursuant to the Sentencing Reform Act of 1984 and based on the foregoing, the court **ORDERED** that the defendant's current term of supervised release be **REVOKED** and that the defendant serve a term of imprisonment of 12 months on each count to run concurrently.  Following his term of imprisonment, the defendant shall be subject to a 24-month term of supervised release for Count One and no term for Count Two, subject to the conditions originally imposed by this court.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements. The court considered all of the findings in the case and concluded that the sentence satisfied the statutory objectives of 18 U.S.C. § 3553, and was sufficient, but not greater than necessary, to provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

The defendant was informed of his right to appeal the court's findings and the revocation of his supervised release. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court

within fourteen (14) days.  The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him.  The defendant was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 2nd day of July, 2019.

      **ENTER:**

      _David A. Faber_
      David A. Faber
      Senior United States District Judge